DEBORAH CONNOR, Chief
Money Laundering and Asset Recovery Section (MLARS)
MARY BUTLER
Chief, International Unit
JONATHAN BAUM, Senior Trial Attorney
BARBARA Y. LEVY, Trial Attorney
JOSHUA L. SOHN, Trial Attorney
Criminal Division
United States Department of Justice
    1400 New York Avenue, N.W., 10th Floor
    Washington, D.C. 20530
    Telephone: (202) 616-9628
    Email:  jonathan.baum@usdoj.gov


Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-cv-08465-DSF (PLAx) |
|---|---|
| Plaintiff, | **STIPULATION TO STAY CIVIL FORFEITURE PROCEEDINGS PURSUANT TO 18 U.S.C. § 981(g) AND FOR EXTENSION OF TIME TO FILE ANSWER OR RESPONSIVE MOTION** |
| v. | |
| FORTY-NINE MOVIE POSTERS IN THE CUSTODY OF BONHAMS 1793 LIMITED IN THE UNITED KINGDOM, INCLUDING "MODERN TIMES" SIX SHEET ET AL., | |
| Defendants *in rem*. | |

WHEREAS, plaintiff United States of America (the "Government")

filed this forfeiture action against movie posters held at an auction

house in the United Kingdom (the "defendant assets"), alleging that

the defendant assets are subject to forfeiture pursuant to 18 U.S.C.

§ 981(a)(1)(A) and (C);

WHEREAS, the Government has given and published notice of this

action in accordance with law, and on November 24, 2020, Riza Aziz,

Red Granite Pictures, Inc., and Red Granite Capital, Ltd.

1  ("Claimants") filed timely claims in this action;

2      WHEREAS, on September 13, 2017, this Court granted the

3  Government's motion to stay other forfeiture actions involving

4  similar allegations bearing case numbers CV 16-5362 DSF (PLAx); CV

5  16-5364 DSF (PLAx); CV 16-5367 DSF (PLAx); CV 16-5368 DSF (PLAx); CV

6  16-5369 DSF (PLAx); CV 16-5370 DSF (PLAx); CV 16-5371 DSF (PLAx); CV

7  16-5374 DSF (PLAx); CV 16-5375 DSF (PLAx); CV 16-5376 DSF (PLAx); CV

8  16-5377 DSF (PLAx); CV 16-5378 DSF (PLAx); CV 16-5379 DSF (PLAx); and

9  CV 16-5380 DSF (PLAx) ("2016 Related Cases");

10     WHEREAS, on October 25, 2017, this Court entered an order

11  staying other forfeiture actions involving similar allegations

12  bearing case numbers CV 17-4240 DSF (PLAx); CV 17-4242 DSF (PLAx); CV

13  17-4244 DSF (PLAx); CV 17-4438 DSF (PLAX); CV 17-4441 DSF (PLAx); CV

14  17-4444 DSF (PLAx); CV 17-4445 DSF (PLAx); CV 17-4447 DSF (PLAx); and

15  CV 17-4448 DSF (PLAx) (together with CV 17-4440 and CV 17-4446 DSF

16  (PLAx) below, "2017 Related Cases"), pursuant to stipulation entered

17

18  by the respective parties;

19     WHEREAS, on July 2, 2018, this Court entered an order for a stay

20  of the forfeiture action involving similar allegations bearing case

21  number CV 17-4446 DSF (PLAx), pursuant to stipulation entered by the

22  respective parties;

23     WHEREAS, on June 5, 2019, this Court entered an order for a stay

24  of the forfeiture action involving similar allegations bearing case

25  number CV 17-4440 DSF (PLAx), pursuant to stipulation entered by the

26  respective parties;

27     WHEREAS, on July 15, 2019, this Court entered an order for a

28  stay of the forfeiture action involving similar allegations bearing

2

case number CV 19-1327 DSF (PLAx), pursuant to stipulation entered by the respective parties;

WHEREAS, on October 16, 2019, this Court entered an order for a stay of the forfeiture action involving similar allegations bearing case number CV 19-1326 DSF (PLAx), pursuant to stipulation entered by the respective parties;

WHEREAS, Claimants object to the stay and preserve all of the arguments set forth in the documents filed as Dkts. 144 and 147 in CV 16-5364 DSF (PLAx), Dkts. 114 and 117 in CV 16-5367 DSF (PLAx), Dkts. 122 and 127 in CV 16-5368 DSF (PLAx), Dkts. 123 and 128 in CV 16-5369 DSF (PLAx), Dkts. 196 and 201 in CV 16-5370 DSF (PLAx), Dkt. 67 in CV 16-5371 DSF (PLAx), Dkts. 110 and 113 in CV 16-5374 DSF (PLAx), Dkts. 110 and 113 in CV 16-5375 DSF (PLAx), Dkt. 79 in CV 16-5377 DSF (PLAx), Dkts. 109 and 112 in CV 16-5378 DSF (PLAx), and Dkt. 62 in CV 16-5380 DSF (PLAx);

WHEREAS, in the interest of efficiency, Claimants agree, without waiving any right of appeal, that the Court's September 13, 2017 order in the 2016 Related Cases also applies to this matter;

WHEREAS, Claimants do not waive and expressly reserve the right to appeal, move to reconsider, move to vacate or lift the stay, or to oppose, challenge, or appeal any extension of the stay;

WHEREAS, in so stipulating, Claimants do not waive and reserve all rights to file motions pursuant to Fed. R. Civ. P. Supp. Rule G(5)(b) and Fed. R. Civ. P. 12 upon the lifting of the stay;

IT IS STIPULATED by the Government and Claimants hereto as follows:

1.    This forfeiture action shall be stayed for all purposes

1 except the filing of timely claims.

2       2.   In order to permit the Court to monitor this action, the

3 Government shall file a status report for <u>in</u> <u>camera</u> review concerning

4 the status of the criminal proceeding every one hundred and eighty

5 (180) days, with the first such report being filed no later than June

6 11, 2021.

7       3. The deadline for Claimants to file an answer to the

8 Government's complaint or a Rule 12 motion in this action shall be

9 thirty (30) days after the Court vacates the stay in the above-

10 captioned matter.

11       4.   All arguments against the stay set forth in the documents

12 filed as Dkts. 144 and 147 in CV 16-5364 DSF (PLAx), Dkts. 114 and

13 117 in CV 16-5367 DSF (PLAx), Dkts. 122 and 127 in CV 16-5368 DSF

14 (PLAx), Dkts. 123 and 128 in CV 16-5369 DSF (PLAx), Dkts. 196 and 201

15 in CV 16-5370 DSF (PLAx), Dkt. 67 in CV 16-5371 DSF (PLAx), Dkts. 110

16 and 113 in CV 16-5374 DSF (PLAx), Dkts. 110 and 113 in CV 16-5375 DSF

17 (PLAx), Dkt. 79 in CV 16-5377 DSF (PLAx), Dkts. 109 and 112 in CV 16-

18 5378 DSF (PLAx), and Dkt. 62 in CV 16-5380 DSF (PLAx) shall be

19 considered part of the record of the above-captioned matter for the

20 purposes of appeal or any motion filed in this matter related to the

21 stay, and shall be deemed preserved for all purposes.

22       5.   Any argument that the forfeiture claims against the

23 defendant assets in this action are released, abandoned, precluded,

24 or otherwise invalidated by virtue of the settlement and consent

25 //

26 //

27 //

28

4

1 | judgment issued by the Court in case numbers 16-5362 and 17-4439 may

2 | be raised in those cases, without regard to the stay in this action

3 | and without need to file a motion to dismiss in this action.

4

5 | Dated: December 14, 2020          Respectfully submitted,

6
                                     DEBORAH CONNOR
7                                    Chief, MLARS

8
                                       */s/ Jonathan Baum*
9                                    JONATHAN BAUM
                                     Senior Trial Attorney, MLARS
10

11                                   Attorney for Plaintiff
                                     UNITED STATES OF AMERICA
12

13 | Dated: December 14, 2020          */s/ Matthew L. Schwartz*
                                     MATTHEW L. SCHWARTZ, Esq.
14                                   MICOL SMALL, Esq.

15
                                     Attorneys for Claimants
16

17

18

19

20

21

22

23

24

25

26

27

28